## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RENZO BARBERI,

      Plaintiff,

      vs.

INTERNATIONAL          INSURANCE
AGENCY,   INC.,   a   Florida   Profit
Corporation  and  ALFRED  HOLDINGS,
INC., a Florida Profit Corporation,

      Defendants.

_____/

## COMPLAINT

Plaintiff RENZO BARBERI (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this complaint and sues INTERNATIONAL INSURANCE AGENCY, INC. ("AGENCY"), and ALFRED HOLDINGS, INC., ("HOLDINGS") (hereinafter, collectively referred to as "Defendants"), for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and alleges:

## JURISDICTION

1.     This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendants' violations of Title III of the Americans with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202.

## VENUE

2.     The venue of all events giving rise to this lawsuit is located in Broward County, Florida. Pursuant to 28 U.S.C. §1391(B) and rule 3.1 of Local Rules of the United States District Court for the Southern District of Florida, this is the designated court for this suit.

**PARTIES**

3.     Plaintiff, RENZO BARBERI, is a resident of the State of Florida.  At the time of Plaintiff's visit to International Insurance and Tag Agency ("Subject Facility"), Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a wheelchair for mobility. Specifically, Plaintiff suffers from paraplegia due to a severed T4 and T5, and is therefore confined to his wheelchair. The Plaintiff personally visited International Insurance and Tag Agency, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within International Insurance and Tag Agency, which is the subject of this lawsuit. The Subject Facility is an insurance agency and Plaintiff wanted to inquire about their insurance rates but was unable to due to the discriminatory barriers enumerated in Paragraph 15 of this Complaint.

4.     In the alternative, Plaintiff, RENZO BARBERI, is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring and determining whether places of public accommodation are in compliance with the ADA.

5.     Defendants, AGENCY and HOLDINGS are authorized to conduct business and are in fact conducting business within the State of Florida. The Subject Facility is located at 1200 S. Federal Hwy., Fort Lauderdale, FL 33316. Upon information and belief, AGENCY is the lessee and/or operator of the Real Property and therefore held accountable of the violations of the ADA in the Subject Facility which is the matter of this suit. Upon information and belief, HOLDINGS is the owner and lessor of the Real Property where the Subject Facility is located and therefore held accountable for the violations of the ADA

in the Subject Facility which is the matter of this suit.

**CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 5 of this complaint, as are further explained herein.

7.     On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

8.     As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;

   ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation, and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   v. the continuing existence of unfair and unnecessary discrimination and

prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

9.      As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

   i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

10.     Pursuant to 42 U.S.C. §12181(7), and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. International Insurance and Tag Agency is a place of public accommodation by the fact it is an establishment that provides goods/services to the general public, and therefore, must comply with the ADA. The Subject Facility is open to the public, its operations affect commerce, and it is an insurance office. See 42 U.S.C. Sec. 12181 (7) and 28 C.F.R. 36.104. Therefore, the Subject Facility is a public accommodation that must comply with the ADA.

11.     The Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at International Insurance and Tag Agency located at 1200 S. Federal Hwy., Fort Lauderdale, FL 33316, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; and by failing to remove architectural barriers pursuant

4

to 42 U.S.C. §12182(b)(2)(A)(iv).

12.     Plaintiff has visited the Subject Facility, and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact.

13.     Plaintiff shall suffer a future injury as Plaintiff intends to return and enjoy the goods and/or services at the Subject Facility within the next six months. The Subject Facility is in close proximity to Plaintiff's residence and is in an area frequently travelled by Plaintiff. Furthermore, Plaintiff will also return to monitor compliance with the ADA. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA.

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15.     The Defendants are in violation of 42 U.S.C. §12181 et. seq., and 28 C.F.R. 36.302 et. seq., and are discriminating against the Plaintiff with the following specific violations which Plaintiff personally encountered and/or has knowledge of:

      a)  The parking facility in front of the insurance agency does not provide a compliant accessible parking space. 2010 ADA Standards 502.1

b) The parking facility does not have the minimum number of accessible parking spaces required.  2010 ADA Standards 208.2

c) At time of inspection, in front of business there were several customer parking spaces occupied with customer cars and zero (0) accessible parking spaces. One (1) accessible parking space with adjacent access aisle is required. 2010 ADA Standards 208.2

d) Where a total of four or fewer parking spaces, including accessible parking spaces are provided on a site, identification of accessible parking spaces are not required by DOJ regulations. All other accessible routes and elements at the facility must be compliant. 2010 ADA Standards 216.5

e) Areas of the parking lot ground surface are gravel. Floor and ground surfaces must be stable, firm, and slip resistant. A stable surface is one that remains unchanged by contaminants or applied force, so that when the contaminant or force is removed, the surface returns to its original condition. A firm surface resists deformation by either indentations or particles moving on its surface. A slip-resistant surface provides sufficient frictional counterforce to the forces exerted in walking to permit safe ambulation. 2010 ADA Standards 302.1

f) The parking facility does not provide compliant directional and informational signage to a compliant accessible parking space. 2010 ADA Standards 216.5

g) There is no compliant access aisle attached to an accessible route serving any existing parking space which would allow safe entrance or exit of vehicle for accessible persons requiring mobility devices.  2010 ADA Standards 502.2

h)  There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facilities. Accessible routes must connect parking spaces to accessible entrances. 2010 ADA Standards 502.3

i)  Existing facility does not provide a compliant accessible route to the main office entrance from any site arrival point. 2010 ADA Standards 206.2, 208, 401.1

j)  The main office entrance door has a non-compliant knob type door handle. Operable parts must be operable with one hand and not require tight grasping, pinching, or twisting of the wrist. 2010 ADA Standards 309.4

k)  The facility does not provide compliant directional and informational signage to an accessible route which would lead to an accessible entrance. Where not all entrances comply, compliant entrances must be identified by the International Symbol of Accessibility. Directional signs that indicate the location of the nearest compliant entrance must be provided at entrances that do not comply.  2010 ADA Standards 216.6

16.    Upon information and belief there are other current violations of the ADA at International Insurance and Tag Agency. Only upon full inspection can all violations be identified.  Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

17.    Upon information and belief, Plaintiff alleges that removal of the discriminatory barriers and violations is readily achievable and technically feasible. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.     Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendants have failed to comply with this mandate.

19.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the subject facilities to make them readily accessible and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following injunctive and declaratory relief:

21. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendants is in violation of the ADA;

22.     That this Honorable Court enter an Order requiring Defendants to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

23.     That this Honorable Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

24.     That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

25.     That this Honorable Court award such other and further relief as it deems necessary, just and proper.

Dated this February 04, 2020.

Respectfully submitted by:

*Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Email: ronsternlaw@gmail.com
Attorney for Plaintiff, RENZO BARBERI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RENZO BARBERI,

       Plaintiff,

       vs.

INTERNATIONAL        INSURANCE
AGENCY,   INC.,   a   Florida   Profit
Corporation  and  ALFRED  HOLDINGS,
INC., a Florida Profit Corporation,

       Defendants.
_____/

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 04, 2020, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No.: 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Email: ronsternlaw@gmail.com
Attorney for Plaintiff RENZO BARBERI

## SERVICE LIST:

RENZO BARBERI, Plaintiff, vs. INTERNATIONAL INSURANCE AGENCY, INC., a
Florida Profit Corporation and ALFRED HOLDINGS, INC., a Florida Profit Corporation

United States District Court Southern District Of Florida

CASE NO.

**INTERNATIONAL INSURANCE AGENCY, INC.**

**REGISTERED AGENT:**

ANDERSON, FRED
1200 SOUTH FEDERAL HWY
FT LAUDERDALE, FL 33316

**VIA PROCESS SERVER**

**ALFRED HOLDINGS, INC.**

**REGISTERED AGENT:**

JONES, ALAN R.
1200 SOUTH FEDERAL HWY
FORT LAUDERDALE, FL 33316

**VIA PROCESS SERVER**